**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| FRANCISCO GOMEZ, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:24-CV-91-JEM |
| | ) | |
| INDIANA HARBOR BELT | ) | |
| RAILROAD COMPANY, | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on Defendants' Motion for Summary Judgment [DE 31], filed on February 4, 2026.

**I.      Background**

On March 11, 2024, Plaintiff Francisco Gomez, filed a Complaint pursuant to the Federal Employers' Liability Act (FELA) 45 U.S.C. § 51, *et seq*., asserting claims for injuries sustained in the course of his employment.

Defendant argues that the undisputed facts mandate judgment in its favor because it met its duties to Plaintiff. Plaintiff filed his response on March 2, 2026, and on March 17, 2026, Defendant filed its reply.

The parties have filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

**II.     Standard of Review**

The Federal Rules of Civil Procedure mandate that motions for summary judgment be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant

1

is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 further requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). "[S]ummary judgment is appropriate – in fact, is mandated – where there are no disputed issues of material fact and the movant must prevail as a matter of law. In other words, the record must reveal that no reasonable jury could find for the non-moving party." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.*, 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotations omitted).

A party seeking summary judgment bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. *See Celotex*, 477 U.S. at 323; Fed. R. Civ. P. 56(c). The moving party may discharge its initial responsibility by simply "'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. The moving party, if it chooses, may support its motion for summary judgment with affidavits or other materials, and, if the moving party has "produced sufficient evidence to support a conclusion that there are no genuine issues for trial," then the burden shifts to the nonmoving party to show that an issue of material fact exists. *Becker v. Tenenbaum-Hill Assoc.*, 914 F.2d 107, 110-111 (7th Cir. 1990) (citations omitted); *see also Hong v. Child.'s Mem'l Hosp.*, 993 F.2d 1257, 1261 (7th Cir. 1993).

Once a properly supported motion for summary judgment is made, the non-moving party cannot resist the motion and withstand summary judgment by merely resting on its pleadings. *See* Fed. R. Civ. P. 56(e); *Donovan v. City of Milwaukee*, 17 F.3d 944, 947 (7th Cir. 1994). Rule 56(e) provides that "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion [or] grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it . . . ." Fed. R. Civ. P. 56(e)(2), (3); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986). Thus, to demonstrate a genuine issue of fact, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts," but must "come forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (quoting Fed. R. Civ. P. 56(e)) (emphasis in original).

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences in favor of that party. *See Liberty Lobby*, 477 U.S. at 255; *Srail v. Vill. of Lisle*, 588 F.3d 940, 948 (7th Cir. 2009); *NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 234 (7th Cir. 1995). A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *See Liberty Lobby*, 477 U.S. at 249-50.

### III.    Facts

In this case, as the moving party, Defendant submitted a Statement of Material Facts, in

3

accord with Northern District of Indiana Local Rule 56-1(a), along with appropriate citations to supporting evidence. Plaintiff responded to that Statement of Material Facts and submitted a Statement of Additional Facts, which Defendant responded to. The following facts are undisputed per the parties' statements of facts and responses.

Plaintiff was employed as a machine operator by Defendant, a railroad. At the beginning of Plaintiff's shift on February 24, 2023, after he stepped off his front-end loader into an area used frequently by employees to walk to and from their vehicles and took 4 or 5 steps, he stepped on a rock and fell, suffering injury to his ankle.

Railroad operations are heavily regulated by the federal government. Ballast selection and use on railroads involves defined material specifications. Railroad ballast consists of a range of stone sizes determined by sieve testing. Defendant has standards for ballast stones that are based on CSX standards, which themselves come from the American Railway Engineering and Maintenance-of-Way Association ("AREMA") standard. The AREMA standard for ballast stones is that they should be two and a half inches or smaller. The biggest square opening for ballast gradation and sieves for the AREMA and CSX standard is two and a half inches. Ballast gradation is determined by two-dimensional sieve testing, not by the overall length of an individual stone, and a rock with a diameter of approximately two and a quarter inches but an elongated length of three inches could pass through a two and a half inch screen if oriented lengthwise. AREMA publishes non-mandatory recommended practices for the design and construction of railroad track structures. Its ballast recommendations apply to ballast used to support the track substructure, but do not apply to areas outside the track or roadbed where Plaintiff was walking when he fell.

4

Shortly after his fall, Plaintiff took a picture of the stone he believed caused him to fall. During his deposition, Plaintiff circled the rock he identified as the rock he stepped on. One of Defendant's managers, Charlie Matthewson took a picture of the area where Plaintiff fell later that day. When shown Defendant's photo at his deposition, Plaintiff could not see or identify the specific rock. No one measured or saved the rock.

Scott Johnivan, who witnessed Plaintiff fall, wrote in his contemporaneous signed statement:

> Sometime between 0730 and 0750, I was exiting the east end doorway of the Producion (sic) trailer to walk my way to B.I. for a meeting. As I opened the door I noticed Mr. Gomez forcefully falling to the ground on my left side. I walked over to him asked him if he was ok and what happened. He said he tripped on a big rock and fell. When I looked back at what big rock he tripped on and noticed a 3" rock next to a scrapemark.

Pl's Statement of Additional Facts, paragraph 5 [DE 39], pp 1-2.

## IV.    Analysis

Defendant moves for summary judgment on Plaintiff's FELA claim. Plaintiff claims that Defendant negligently failed to provide him with a reasonably safe place to work in violation of the Federal Employers' Liability Act (FELA), 45 U.S.C. § 51, *et seq*. FELA imposes upon railroad carriers a duty to provide a safe workplace. *Holbrook v. Norfolk S. Ry. Co.*, 414 F.3d 739, 741 (7th Cir. 2005). It provides, in relevant part:

> Every common carrier by railroad . . . shall be liable in damages to any person suffering injury while he is employed by such carrier . . . for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its . . . track, roadbed . . . or other equipment.

45 U.S.C. § 51. To establish negligence for purposes of the FELA, a plaintiff must prove the common law elements of negligence including duty, breach, foreseeability, and causation. *Green v. CSX Transp., Inc.*, 414 F.3d 758, 766 (7th Cir. 2005). However, the standard for causation is lower than at common law because a plaintiff needs to show only that the employer's negligence played some part, "even the slightest," in his injury. *Id.*; *Holbrook*, 414 F.3d at 742. Although this relaxed standard of causation may make it easier for a plaintiff to survive a motion for summary judgment, the summary judgment standard itself does not change. *Lisek v. Norfolk & W. Ry. Co.*, 30 F.3d 823, 832 (7th Cir. 1994). Accordingly, "[i]f the plaintiff presents no evidence whatsoever to support the inference of negligence, the railroad's summary judgment is properly granted." *Lisek*, 30 F.3d at 832.

A FELA plaintiff will be successful in a claim for injuries if "[railroad] negligence played a part—no matter how small—in bringing about the injury." *CSX Transp., Inc. v. McBride*, 131 S. Ct. 2630, 2636, (2011). The Supreme Court described the standard for causation under FELA and its difference from the "usual proximate cause standard," in *McBride*:

> Thus, if a person has no reasonable ground to anticipate that a particular condition would or might result in a mishap and injury, then the party is not required to do anything to correct the condition.. If negligence is proved, however, and is shown to have *played any part, even the slightest, in producing the injury*," then the carrier is answerable in damages even if the extent of the injury or the manner in which it occurred was not probable or foreseeable.

131 S.Ct. at 2643 (footnote omitted) (quoting *Rogers v. Missouri Pac. R. Co*., 352 U.S. 500, 506, (1957); *Gallick v Baltimore & Ohio R. Co*. 372 U.S. 108, 120-121 and n. 8 (1963) (quotation marks omitted)

Plaintiff alleges that he fell after stepping on a three-inch stone, asserting that Defendant was negligent because the stone was too large. Defendant argues that even if he stepped on a three-

6

inch stone, the stone could be compliant with AREMA standards if it was two and a half inches in diameter and three inches long. Defendant argues that Plaintiff has produced no evidence from which a jury could "reasonably look at the walking conditions shown in Exhibit B (the photo in which [Plaintiff] couldn't identify the offending rock because it blends in with the others) and reasonably find that that workplace was unsafe." Def.'s Br. p. 17 [DE 32]. However, this does not take into account the photograph that Plaintiff took in which he has identified what he asserts is the offending rock. The jury may believe that Plaintiff can identify the rock, that the rock was oversized, and that the rock created an unsafe workplace. The Court is not permitted to resolve factual disputes on motions for summary judgment, or to weigh the credibility of witnesses or the weight to be given to evidence. *See Liberty Lobby*, 477 U.S. at 249-50.

In this case, a jury could find that the railroad failed to exercise an ordinarily prudent degree of care if ballast stones of an excessive size were in the area where railroad employees would have to walk. Under *McBride*, if the railroad's actions "played any part, even the slightest, in producing the injury," then Defendant would be liable for damages. *McBride*, 131 S. Ct. at 2643. "[C]ircumstantial evidence is sufficient to establish FELA liability, and [] a jury can make reasonable inferences based on that circumstantial evidence even where conflicting inferences are also appropriate and no direct evidence establishes which inference is correct." *Lynch v. Northeast Reg'l. Commuter R.R. Corp.*, 700 F.3d 906, 917 (7th Cir. 2012).

When viewing the facts in a light most favorable to Plaintiff, Plaintiff has brought forth some evidence supporting his claim that he fell because there was an oversized ballast stone in the area where he was walking. *See Liberty Lobby*, 477 U.S. at 245. Whether there was a ballast stone larger than the applicable standard is a central factual issue. Plaintiff claims that he fell on a three-

7

inch rock and took a picture of the rock he believes caused him to trip, and at least one witness also noted a three-inch rock in the area where Plaintiff fell. Defendant argues that a rock could be three inches in length and still be compliant with the applicable standard and points out that Plaintiff was unable to identify the rock in a picture taken by Defendant on the day of his fall. However, a railroad is liable where the "employer['s] negligence played *any* part, even the slightest, in producing injury." *Rogers v. Missouri Pacific Railroad Co.*, 352 U.S. 500, 506, 77 S. Ct. 443, 1 L. Ed. 2d 493 (1957) (emphasis added). Whether Defendant was negligent by permitting there to be a ballast stone that exceeded the standard is a question of fact for the jury. *Chappey*, 204 N.E.3d at 938; *Austin v. Walgreen Co.*, 885 F.3d 1085 n. 1 (7th Cir. 2018).

Summary judgment is inappropriate.

**VI.    Conclusion**

Accordingly, the Court **DENIES** Defendants' Motion for Summary Judgment [DE 31] and **SETS** this matter for a telephonic status hearing to set trial and pretrial deadlines on **May 13, 2026, at 10:30 a.m.** (Central Time) before Magistrate Judge John E. Martin. Parties are instructed to dial 833-568-8864, enter meeting ID number 161 0956 8055#, push # to skip entry of a participant ID and enter passcode 815985# at least five minutes before the conference start time.

SO ORDERED this 15th day of April, 2026.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:    All counsel of record