**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

FRANCISCO GOMEZ,                )
        Plaintiff,          )
                      )
      v.                        )          CAUSE NO.: 2:24-CV-91-JEM
                      )
INDIANA HARBOR BELT          )
RAILROAD COMPANY,            )
        Defendant.         )

**OPINION AND ORDER**

This matter is before the Court on Indiana Harbor Belt Railroad Company's Motion to Exclude Undisclosed Treating-Physician's Opinions and Exclude the Testimony and Exhibits of Dr. Bowman [DE 35], filed on February 4, 2026.

**I.      Background**

On March 11, 2024, Plaintiff Francisco Gomez filed a Complaint asserting claims for injuries sustained in the course of his employment pursuant to the Federal Employers' Liability Act (FELA) 45 U.S.C. § 51, *et seq*.

Defendant's motion for summary judgment was denied on April 15, 2026. Defendant moves to exclude the opinions, testimony, and exhibits of Plaintiff's medical witnesses at trial. Plaintiff filed his response on March 2, 2026, and on March 17, 2026, Defendant filed its reply.

The parties have filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

II.    **Standard of Review**

Federal Rule of Civil Procedure 26 governs expert disclosures. It provides that "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705" and that "this disclosure must be accompanied by a written report – prepared and signed by the witness – if the witness is one retained or specially employed to provide expert testimony in the case . . ." Fed. R. Civ. P. 26(a)(2)(A), (B). Even if the expert witness is not one for whom a report is required, the disclosure must contain certain particular information. Fed. R. Civ. P. 26(a)(2)(C). Rule 26 goes on to provide that each "party must make these disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D).

Federal Rule of Civil Procedure 37(c) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) . . . , the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c). "The sanction of exclusion is thus automatic and mandatory unless the party to be sanctioned can show that its violation of Rule 26(a) was either justified or harmless," *Finley v. Marathon Oil Co.*, 75 F.3d 1225, 1230 (7th Cir. 1996), and a trial court has broad discretion to decide whether a failure to timely disclose an expert witness is justified or is harmless error. *Miksis v. Howard*, 106 F.3d 754, 760 (7th Cir. 1997). In deciding whether an untimely disclosure of an expert is harmless, the Court evaluates "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th

2

Cir. 2003) (citations omitted).

III.    **Analysis**

Defendant argues that Plaintiff's treating medical providers' opinions as to prognosis, causation, and future care should be excluded because the providers did not submit written reports on those issues and there is nothing in the records to indicate that those opinions were formed during the course of their treatment of Plaintiff. Defendant also moves to exclude the opinions of Plaintiff's retained expert, Dr. Bowman, because his projected cost projections are unsupported. Plaintiff argues that the opinions of his treating podiatric physician as to causation and prognosis should not be excluded as they were properly disclosed and that the opinions of his retained expert satisfy the *Daubert* standards, but in response to Defendant's Motion, Plaintiff agrees to withdraw any medical cost opinions from Dr. Damitz and all opinions by physical therapist Luis Prato. The Court accordingly deems these opinions withdrawn and does not address any arguments regarding those providers. In Defendant's reply, it argues for the entry of an order to show cause because the opinions have been withdrawn. However, because Defendant's motion to exclude was not brought solely on those bases, the argument is unavailing, and the Court declines to enter an order to show cause

Federal Rule of Civil Procedure 26 governs expert witness disclosures and provides that "this disclosure must be accompanied by a written report – prepared and signed by the witness – if the witness is one retained or specially employed to provide expert testimony in the case . . ." Fed. R. Civ. P. 26(a)(2)(A), (B). Non retained experts, like treating physicians, must also be disclosed, along with their opinions, but no written report is required. Fed. R. Civ. P. 26(a)(2)(C). "If a party fails to provide information or identify a witness as required by Rule 26(a) . . . , the

party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c). Admissibility of expert testimony is governed by Federal Rule of Evidence 702 and the standards set forth by the United States Supreme Court in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). *See Ervin v. Johnson & Johnson, Inc.*, 492 F.3d 901, 904 (7th Cir. 2007). Rule 702 provides that courts should admit expert testimony if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

Under Rule 702, "[t]he district court is a 'gatekeeper' who determines whether proffered expert testimony is reliable and relevant before accepting a witness as an expert." *Winters v. Fru-Con Inc.*, 498 F.3d 734, 741-52 (7th Cir. 2007) (quoting *Autotech Tech. Ltd. P'ship v. Automationdirect.com*, 471 F.3d 745, 749 (7th Cir. 2006)). Courts use a three-step analysis to determine the admissibility of expert testimony: (1) whether the witness is "qualified as an expert by knowledge, skill, experience, training, or education," (2) whether the subject of an expert's testimony is "scientifically reliable," and (3) whether the testimony will "assist the trier of fact to understand the evidence or to determine a fact in issue." *Ervin*, 492 F.3d at 904; *see also Myers v. Ill. Cent. R.R. Co.*, 629 F.3d 639, 644 (7th Cir. 2010).

 a. <u>*Treating Physician*</u>

Defendant argues that the opinions of Plaintiff's treating physician, Dr. Damitz, as to diagnosis, causation, and prognosis should be excluded on the basis that Plaintiff's disclosure does

4

not comply with Rule 26(a)(2)(C) because it does not include Dr. Damitz's actual opinions.

Federal Rule of Civil Procedure 26(a)(2) divides expert witnesses into two categories. There are experts who are required to prepare a report and there are expert witnesses who do not have to provide a report. "A treating physician is the paradigmatic example of an expert who falls into this latter category. This is because treating physicians are not retained for litigation purposes. Rather, they are seen by plaintiffs to solve a medical problem." *Larson v. Davidson Trucking, Inc.*, No. 2:20-CV-250-PPS, 2024 LX 47645 at *2 (N.D. Ind. Dec. 18, 2024)

Rule 26(a)(2)(C) provides that for witnesses from whom a written report is not required, the disclosure must set forth: "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. Pro. 26(a)(2)(C). Defendant argues that Plaintiff's disclosure was insufficient and quotes portions of the disclosure in support of its arguments. However, the complete disclosure, Ex. 12 pp. 3-5 [DE 36-12], includes both the summary language quoted by Defendant as well as specific opinions that, based on the medical history relayed to Dr. Damitz by Plaintiff, the work fall caused f the ankle injury for which Plaintiff sought treatment, including surgery, from Dr. Damitz. The report also includes Plaintiff's diagnoses and Dr. Damitz's prescribed course of treatment. Defendant argues extensively that the disclosure is insufficient but quotes only the initial summary paragraph of the disclosure and seems to ignore the remaining paragraphs which contain opinions with some specificity.

When the rule was amended to create the separate categories of expert witnesses, the Advisory Committee explained the purpose of the creation of Rule 26(a)(2)(C) as follows:

> Rule 26(a)(2)(C) is added to mandate summary disclosures of the opinions to be
> offered by expert witnesses who are not required to provide reports under Rule

5

26(a)(2)(B) and of the facts supporting those opinions. This disclosure is considerably less extensive than the report required by Rule 26(a)(2)(B). Courts must take care against requiring undue detail, keeping in mind that these witnesses have not been specially retained and may not be as responsive to counsel as those who have.

This amendment resolves a tension that has sometimes prompted courts to require reports under Rule 26(a)(2)(B) even from witnesses exempted from the report requirement. An (a)(2)(B) report is required only from an expert described in (a)(2)(B).

A witness who is not required to provide a report under Rule 26(a)(2)(B) may both testify as a fact witness and also provide expert testimony under Evidence Rule 702, 703, or 705. Frequent examples include physicians or other health care professionals and employees of a party who do not regularly provide expert testimony. Parties must identify such witnesses under Rule 26(a)(2)(A) and provide the disclosure required under Rule 26(a)(2)(C). The (a)(2)(C) disclosure obligation does not include facts unrelated to the expert opinions the witness will present.

Fed. R. Civ. P. 26 advisory committee notes to 2010 amendment.

Plaintiff states that Dr. Damitz will testify that the injury was caused by Plaintiff's fall. Dr. Damitz's medical records, which were tendered in discovery, and which are referred to in and incorporated into the disclosure, set forth Plaintiff's report of the fall and his symptoms and treatment in the intervening days between the fall and his initial visit to Dr. Damitz. The disclosure also sets forth the scope of the course of treatment with identification of ongoing treatment, tests, and surgery. Dr. Damitz's professional opinions and the facts of Plaintiff's treatment and medical history are connected to the general summary of his testimony and are set forth in the disclosure. This is sufficient. *DeLeon-Reyes v. Guevara*, No. 1:18-cv-01028, 2023 U.S. Dist. LEXIS 11019, at *9 (N.D. Ill. Jan. 23, 2023) ("Non-retained expert disclosures are sufficient when they connect the general testimony subjects to some facts and professional opinions.").

Plaintiff's disclosures of Dr. Damitz's opinions about diagnosis and the course of treatment are adequate and Dr. Damitz's opinions as to the diagnosis and course of treatment will be allowed. Plaintiff's disclosure of Dr. Damitz's opinion as to causation is likewise sufficient, and Dr.

6

Damitz's opinions as to causation, based on the medical history relayed to him by Plaintiff, will be allowed. If Defendant has evidence to contradict that medical history provided to Dr. Damitz by Plaintiff, the jury is entitled to hear that as well, but the possibility that such evidence exists, without substantiation, is insufficient to bar Dr. Damitz's opinions.

Both parties spend a great deal of time arguing about whether Plaintiff had pre-existing ankle pain or treatment, but that fact, particularly since disputed, is not relevant to whether Plaintiff's expert disclosure is adequate. Instead, that is an issue to be presented to the finder of fact, with proper evidentiary support and argument. It is not the basis for a motion to exclude treating physician testimony. To the extent that Defendant is arguing that the opinion as to causation is flawed because there may have been a pre-existing ankle condition, the argument is not cogently developed. *See M.G. Skinner & Assocs. Ins. Agency v. Norman-Spencer Agency, Inc.*, 845 F.3d 313, 321 (7th Cir. 2017) ("Perfunctory and undeveloped arguments are waived, as are arguments unsupported by legal authority.").

### b. *Future Prognosis*

Dr. Damitz's disclosure also includes the opinion that Plaintiff may develop arthritis in the future and possible treatment options for that condition should it arise. This opinion differs from Dr. Damitz's opinions as to causation, diagnoses, and treatment rendered since it relates to something that could happen in the future. Plaintiff is withdrawing Dr. Damitz's opinions as to the cost of future treatment, but not his opinions as to the prognosis for developing arthritis in that ankle, and the nature of possible treatment for that condition.

Plaintiff disclosed that "Dr. Damitz is expected to testify that the injury and subsequent surgery can cause arthritis in Mr. Gomez's ankle or foot. Dr. Damitz is expected to testify that the

treatment for arthritis in the ankle/foot potentially includes ankle fusion or ankle replacement."

Defendant argues that Dr. Damitz's opinions that arthritis could develop and that ankle fusion or other surgery could be necessary should be barred because they are speculative, both as to whether it will happen and whether, if they happen, they are related to this fall. Plaintiff argues that Dr. Damitz would opine that any person who has a sprained ankle and surgical intervention thereafter would have this prognosis, and that therefore he should be permitted to put forth this opinion at trial.

A treating physician may base his testimony on facts he learned during his care of Plaintiff and may testify about future medical care and prognosis. *Yafeng Zhu v. Keeley & Sons, Inc.*, No. 3:24-CV-908-MAB, 2026 LX 99322, at*11 (S.D. Ill. Jan. 23, 2026); *see also, Cobble v. Wal-Mart Stores E., L.P.*, 1:10-CV-010, 2010 U.S. Dist. LEXIS 26313, 2010 WL 1088513, at *3 (N.D. Ind. Mar. 19, 2010) ("If Cobble's treating physician bases his or her testimony upon facts learned during his or her care and treatment of Cobble and the opinion was not sought in anticipation of litigation, he or she may testify about causation, future medical care and prognosis, or permanency of injury or disability without producing an expert report under Rule 26(a)(2)(B)."). The bases of those opinions are subject to cross examination, and if Defendant believes there are other causes of Plaintiff's condition, it may explore those at that time. Dr. Damitz's opinions as to prognosis and future treatment will be permitted, subject to cross examination.

   c. *Retained Expert*

Defendant's motion to bar the opinion of Dr. Bowman is effectively a motion in limine. Motions in limine to exclude evidence prior to trial are subject to a rigorous standard of review. Courts may bar evidence in limine "only when evidence is clearly inadmissible on all potential

grounds." *Dartey v. Ford Motor Co.,* 104 F. Supp. 2d 1017, 1020 (N.D. Ind. 2000).  If evidence does not meet this standard, "the evidentiary rulings should be deferred until trial so that questions of foundation, relevance and potential prejudice may be resolved in proper context." *Id.* The Court reserves the right to change these rulings during the trial should the Court find that the evidence or arguments at trial justify such change.

Courts use a three-step analysis to determine the admissibility of expert testimony: (1) whether the witness is "qualified as an expert by knowledge, skill, experience, training, or education," (2) whether the subject of an expert's testimony is "scientifically reliable," and (3) whether the testimony will "assist the trier of fact to understand the evidence or to determine a fact in issue."  *Ervin*, 492 F.3d at 904; *see also Myers v. Illinois Cent. R.R. Co.*, 629 F.3d 639, 644 (7th Cir. 2010).

Defendant argues that Dr. Bowman's opinions as to prognosis and future treatment should be excluded because Dr. Bowman has no orthopedic experience, he did not examine Plaintiff, and the diagnosis and cost projections and future treatment options are not supported by Dr. Damitz's treatment records.

Defendant's first argument is that Dr. Bowman is not qualified to offer an opinion as to Plaintiff's future medical treatment needs because Dr. Bowman has no orthopedic experience and is instead specialized in Physical Medicine and Rehabilitation. The American Board of Medical Specialties defines a Specialist in Physical Medicine and Rehabilitation, also known as a physiatrist, as a physician who:

> evaluates and treats patients with disorders or disabilities in the muscles, bones, and nervous system, including neck or back pain, sports and work injuries, stroke, brain injury, spinal cord injury, spasticity, and any other disability or disorder that affects function. A physiatrist may lead a team of medical professionals to help patients

9

> improve their physical, psychological, social, and vocational function, and are dedicated to the whole person, including treating pain, restoring function, and improving quality of life. Treatment modalities may include medications, injections, therapeutic exercise, electrodiagnosis, and any equipment required for daily activities.

American Board of Medical Specialties, American Board of Physical Medicine and Rehabilitation at /www.abms.org/board/american-board-of-physical-medicine-rehabilitation (last visited on April 30, 2026). Dr. Bowman is the medical director of interventional pain services at Roanne General Hospital (Pain and Spine), with a subspecialty in Interventional Pain Medicine. He is a Diplomate of the American Board of Physical Medicine and Rehabilitation, a Diplomate of the American Board of Pain Medicine, a Fellow of Interventional Pain Practice, has a "CEDIR" certification in evaluation of disability and impairment ratings, and is a certified life care planner.

Dr. Bowman's opinions as to Plaintiff's future care needs fall within Dr. Bowman's areas of expertise as a physiatrist and a certified life care planner and are therefore admissible, subject to cross-examination. *Runge v. Stanley Fastening Sys., L.P.*, No. 4:09-cv-130-TWP-WGH, 2011 U.S. Dist. LEXIS 118973, at *11 (S.D. Ind. Oct. 14, 2011)

Defendant's argument that Dr. Bowman's opinion should be excluded because Dr. Bowman did not personally examine Plaintiff is construed as a challenge to Dr. Bowman's methodology. The fact that a retained expert has not treated or examined a party is an insufficient basis for barring their opinions. *Walker v. Soo Line R.R.*, 208 F.3d 581 (7th Cir. 2000). ("The lack of an examination of [plaintiff] does not render Dr.[]'s testimony inadmissible"); *see also In re Paoli R.R. Yard PCB Litig.,* 35 F.3d 717, 762 (3d Cir. 1994) ("We think that evaluation of the patient's medical records, like performance of a physical examination, is a reliable method of concluding that a patient is ill even in the absence of a physical examination"). If it was,

Defendant's expert (indeed, many retained medical experts) would also be barred. Dr. Bowman's methodology of relying on Plaintiff's medical records is therefore an acceptable methodology and has been accepted by Court's as "scientifically reliable" for purposes of withstanding *Daubert* scrutiny. *Meyers v Ill. Cent. R.R. Co.*, 629 F.3d 639, 645 (7th Cir. 2010).

"Whether all of [the expert's] opinions regarding [plaintiff's] future medical treatment needs are relevant will depend on whether [plaintiff] is able to present evidence from which the jury could find that she will more likely than not require such treatment." *Rivers v. B Braun Interventional Sys. Inc.*, No. 19-CV-988, 2023 U.S. Dist. LEXIS 194847 at *54 (E.D. Wis. Oct. 31, 2023). If Plaintiff's claims as to future medical treatment are supported by evidence, testimony about the treatment and the costs would be helpful to a jury in determining damages.

Dr. Bowman's opinions are, of course, subject to cross examination, but the opinions offered withstand *Daubert* scrutiny as to qualifications, methodology, and usefulness to the jury, and Dr. Bowman will be permitted to testify.

## VI.    Conclusion

Accordingly, the Court **DENIES** Indiana Harbor Belt Railroad Company's Motion to Exclude Undisclosed Treating-Physician's Opinions and Exclude the Testimony and Exhibits of Dr. Bowman [DE 35] as discussed above. The Court **DEEMS** the medical cost opinions of Dr. Damitz and all opinions of Dr. Prato **WITHDRAWN**.

SO ORDERED this 4th day of May, 2026.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:    All counsel of record

11